**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HO SANG YIM, | No. 12-73079 |
| Petitioner, | Agency No. A037-993-102 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Ho Sang Yim pled nolo contendere to a charge of perjury under California

Penal Code section 118(a). He was sentenced to three years in state prison. The

BIA affirmed the IJ's decision that Yim was removable under INA §

237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of

an aggravated felony, which includes "an offense relating to . . . perjury . . . for

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

which the term of imprisonment is at least one year. . . ." INA § 101(a)(43)(S), 8 U.S.C. § 1101(a)(43)(S). Because the BIA did not perform the analysis "which we use to determine generic crimes for the purposes of categorical analysis of prior convictions," *United States v. Garcia-Santana*, 774 F.3d 528, 543 (9th Cir. 2014) (citing *Taylor v. United States*, 495 U.S. 575 (1990), and "its progeny"), we remand to the BIA for a proper *Taylor* analysis.

To determine whether a specific crime is an aggravated felony, we apply the categorical approach. *Rendon v. Holder*, 764 F.3d 1077, 1082 (9th Cir. 2014) (citing *Taylor*, 495 U.S. 575). Under this approach, we compare the statutory definition of a petitioner's prior offense to a federal "generic crime." *Id.* at 1082-83. Generally, we must defer to the BIA where, as here, it defined a generic crime that the INA itself did not define. *See, e.g.*, *Parrilla v. Gonzales*, 414 F.3d 1038, 1041-42 (9th Cir. 2005). However, the BIA is not entitled to deference where the BIA "ignores . . . the mode of analysis derived from *Taylor* and its progeny . . . to determine generic crimes." *Garcia-Santana*, 774 F.3d at 543.

To arrive at the generic definition, the BIA must look to "contemporary usage" by "survey[ing] the definitions codified in state and federal statutes, adopted by the Model Penal Code . . . , and endorsed by scholarly commentary" to find the generic crime. *Id.* at 534 (holding that a Nevada conspiracy statute was

broader than the generic definition of conspiracy, and therefore not an aggravated felony under the INA).

Here, the IJ and the BIA relied on *In re Martinez-Recinos*, 23 I. & N. Dec. 175, 177 (BIA 2001), for the proposition that California Penal Code section 118(a) may constitute an aggravated felony. In that case, the BIA "examine[d] the California statute" of conviction at issue "and the federal statute defining perjury." *Id.* The BIA determined that section 118(a) is an aggravated felony because, it concluded, section 118(a) and 18 U.S.C. § 1621, the federal perjury statute, were "essentially the same." *Id.* Importantly, in deciding that § 1621 provided the "generic" definition of perjury, the BIA performed no survey to determine the "contemporary usage." *Id.*; *see Garcia-Santana*, 774 F.3d at 534. Nor did it consider its prior decision in *Matter of H—*, 1 I. & N. Dec. 669, 670 (BIA 1943), which looked to the common-law definition of perjury to define the generic crime. It simply adopted the federal definition, without any additional analysis. *Martinez-Recinos*, 23 I. & N. Dec. at 177. Under *Garcia-Santana*, this conclusory statement does not warrant our deference.

We grant the petition for review and remand to the BIA to determine the generic definition of perjury in accordance with the principles discussed above.

**GRANTED and REMANDED.**

3