**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO CHACON, *Petitioner*, v. ROBERT M. WILKINSON, Acting Attorney General, *Respondent.* | No. 18-71515 Agency No. A094-766-759 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2020[*]
San Francisco, California

Filed February 18, 2021

Before: Jacqueline H. Nguyen, Andrew D. Hurwitz, and
Daniel A. Bress, Circuit Judges.

Opinion by Judge Bress

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

Denying Ricardo Chacon's petition for review of a decision of the Board of Immigration Appeals, the panel held that a conviction for importing, manufacturing, or dealing in firearms without a license, 18 U.S.C. § 922(a)(1)(A), is categorically an "illicit trafficking in firearms" aggravated felony under 8 U.S.C. § 1101(a)(43)(C) that made him ineligible for asylum.

Because the Immigration and Nationality Act ("INA") does not define "illicit trafficking," the panel considered whether to defer to the BIA's interpretation in its unpublished decision in this case. In a prior published decision in *Matter of Davis*, 20 I. & N. Dec. 536 (BIA 1992), *abrogated on other grounds*, the BIA concluded that illicit trafficking in a controlled substance – another aggravated felony – includes any felony conviction involving the "unlawful trading or dealing of any controlled substance." Relying on *Davis*, the BIA here concluded that "illicit trafficking in firearms" means "any unlawful trading or dealing" in firearms.

The panel deferred to the BIAs' interpretation, concluding that whether *Chevron* or some lesser measure of deference applied, the BIA's interpretation is persuasive. The panel explained that the BIA's definition tracks the common understanding of "trafficking," which means some

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

sort of commercial dealing. The panel also explained that the definition is consistent with *Rendon v. Mukasey*, 520 F.3d 967 (9th Cir. 2008), where this court interpreted "illicit trafficking in a controlled substance" and held that a state offense contained a trafficking element because it required intent to engage in commercial dealing. The panel saw no reason to depart from the rule of statutory interpretation that identical words used in different parts of the same statute are generally presumed to have the same meaning, noting that "illicit trafficking in firearms" is in the very next sub-definition of "aggravated felony" after "illicit trafficking in a controlled substance."

Next, the panel concluded that § 922(a)(1)(A) is a categorical match to "illicit trafficking in firearms" under § 1101(a)(43)(C), explaining that § 922(a)(1)(A) makes it unlawful for any person (except those licensed to do so) "to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce." Looking to the statute's extensive definition of what "engaged in business" means, the panel concluded that a conviction under § 922(a)(1)(A) does not criminalize more conduct than the federal generic offense. The panel further noted that two other circuits have reached the same conclusion for similar criminal statutes.

For these reasons and those set forth in the panel's accompanying memorandum disposition, the panel denied the petition for review.

**COUNSEL**

Geraldine Escalante, Hawthorne, California, for Petitioner.

Joseph H. Hunt, Assistant Attorney General; Leslie McKay and Greg D. Mack, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

BRESS, Circuit Judge:

The principal question in this case is whether a federal conviction for importing, manufacturing, or dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), is categorically an "aggravated felony" under the Immigration and Nationality Act (INA). We hold that it is and that petitioner is consequently ineligible for asylum.

I

Petitioner Ricardo Chacon is a native and citizen of El Salvador who unlawfully entered the United States in 2001 when he was about seven years old. For a time, he was granted Temporary Protected Status. In 2016, Chacon pleaded guilty to dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). The district court sentenced Chacon to 30 months in prison.

In 2017, the Department of Homeland Security (DHS) began removal proceedings. Chacon conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The Immigration Judge (IJ) denied relief. As relevant here, the IJ found that Chacon's conviction under 18 U.S.C. § 922(a)(1)(A) qualified as an "aggravated felony" conviction that precluded asylum. The Board of Immigration Appeals (BIA) agreed and dismissed Chacon's appeal. Chacon now timely petitions for review.[1]

## II

Under the INA, an alien is ineligible for asylum if he has been convicted of a "particularly serious crime," which includes any "aggravated felony." 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). The statute defines "aggravated felony" as a long list of offenses, including "illicit trafficking in firearms." *Id.* § 1101(a)(43)(C). Chacon was convicted under 18 U.S.C. § 922(a)(1)(A), which makes it unlawful for any person "except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce." The legal question we address here, which we review de novo, *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004), is whether Chacon's federal conviction under § 922(a)(1)(A) is an "aggravated felony" under the INA.

Because the statutory term "illicit trafficking in firearms" refers to a "generic crime," *Nijhawan v. Holder*, 557 U.S. 29, 37 (2009), we apply the "categorical" approach from *Taylor v. United States*, 495 U.S. 575 (1990). *See Ho*

---

[1] The IJ and BIA also denied Chacon's requests for withholding of removal and CAT relief. In a concurrently filed memorandum disposition, we deny the petition for review as to those issues. We do not consider the IJ's alternative finding that Chacon's asylum application was untimely.

*Sang Yim v. Barr*, 972 F.3d 1069, 1077 (9th Cir. 2020). Under this methodology (and contrary to Chacon's argument on appeal), we do not consider the particular facts underlying a conviction. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). Instead, we "compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013) (quotations omitted). If the statute of conviction "criminalizes the same amount of conduct (or less) as the generic offense," there is a categorical match and the conviction qualifies as an "aggravated felony." *Ho Sang Yim*, 972 F.3d at 1083. But if the statute of conviction is broader than the INA's generic definition, the conviction is not categorically an "aggravated felony," and the immigration consequences attendant to that classification do not automatically follow. *Rodriguez-Castellon*, 733 F.3d at 853.[2]

Here, both statutes define "firearms" identically, using the definition in 18 U.S.C. § 921(a)(3). *See* 8 U.S.C. § 1101(a)(43)(C); 18 U.S.C. § 922(a)(1)(A). As a result, the only question is whether the INA's definition of "illicit trafficking" aligns with what 18 U.S.C. § 922(a)(1)(A) prohibits. "Illicit trafficking" is not defined in the INA. In that circumstance, "[w]e defer to the BIA's articulation of the generic federal definition if . . . the BIA's interpretation

---

[2] At that point, we would then evaluate whether the statute of conviction is "divisible," and, if so, whether (using the modified categorical approach) the petitioner was convicted under a divisible portion of the statute that qualifies as an "aggravated felony." *E.g.*, *Gomez Fernandez v. Barr*, 969 F.3d 1077, 1086, 1088–89 (9th Cir. 2020). This further analysis is unnecessary here.

is based on a permissible construction of the statute." *Ho Sang Yim*, 972 F.3d at 1077 (quotations omitted).

In *Matter of Davis*, 20 I. & N. Dec. 536, 541 (BIA 1992), *abrogated on other grounds as recognized by Cazarez-Gutierrez*, 382 F.3d at 911–12, the BIA analyzed the aggravated felony of "illicit trafficking in any controlled substance," now codified at 8 U.S.C. § 1101(a)(43)(B). The BIA adopted the definition of "trafficking" in *Black's Law Dictionary*: "'Trading or dealing in certain goods and commonly used in connection with illegal narcotic sales.'" *Id.* (quoting *Trafficking*, *Black's Law Dictionary* (5th ed. 1979)). The BIA observed that "[e]ssential to the term ['trafficking'] in this sense is its business or merchant nature, the trading or dealing of goods." *Id.* The BIA thus concluded that "a drug-related aggravated felony includes any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing of any controlled substance." *Id.*

Here, the BIA relied on *Davis* to conclude that "illicit trafficking in firearms" meant "any unlawful trading or dealing" in firearms. Although the BIA's decision was unpublished, the government argues it warrants deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), because the BIA relied on its prior published decision in *Davis*. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 911 (9th Cir. 2009) (en banc) (explaining that *Chevron* deference applies "regardless of whether the order under review is the precedential decision itself or a subsequent unpublished order that relies upon it"). But whether we apply *Chevron* or some lesser measure of deference, *see Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), the BIA's interpretation of "illicit trafficking" is persuasive and would prevail.

The BIA's definition—"unlawful trading or dealing"—tracks the common understanding of the phrase "illicit trafficking."  When Congress does not define a term, we "interpret the words consistent with their ordinary meaning at the time Congress enacted the statute." *Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2070 (2018) (quotations and alterations omitted).  Congress added illicit trafficking in firearms as an aggravated felony in 1988 and modified the provision to include its current language in 1994.  *See* Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7342, 102 Stat. 4181, 4469–70; Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 222, 108 Stat. 4305, 4320–21.  "Trafficking" meant then, and means now, what *Davis* said it meant: the "trading or dealing in certain goods." *Trafficking*, *Black's Law Dictionary* (6th ed. 1990); *see also Trafficking*, *Black's Law Dictionary* (11th ed. 2019) ("[t]he act of transporting, trading, or dealing, esp. in illegal goods or people"). "Trafficking," in other words, "means some sort of commercial dealing." *Lopez v. Gonzales*, 549 U.S. 47, 53 (2006).

That is precisely how we interpreted "illicit trafficking" in 8 U.S.C. § 1101(a)(43)(B), which defines "aggravated felony" as "illicit trafficking in a controlled substance."  In *Rendon v. Mukasey*, 520 F.3d 967 (9th Cir. 2008), we held that a Kansas conviction for possession of a controlled substance with intent to distribute "contains a trafficking element" because such a conviction "necessarily means" that the defendant "possessed the [controlled substance] with the intent to engage in 'some sort of commercial dealing.'"  *Id.* at 975–76 (9th Cir. 2008) (quoting *Lopez*, 549 U.S. at 53); *see also Cortes-Maldonado v. Barr*, 978 F.3d 643, 650 (9th Cir. 2020) (explaining that under accepted definitions "controlled substance convictions qualify as 'illicit

trafficking' if they require the transfer or exchange of money or other consideration").

We see no reason to depart from "the normal rule of statutory interpretation that identical words used in different parts of the same statute are generally presumed to have the same meaning." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005). And here, "illicit trafficking in firearms" is in the very next sub-definition of "aggravated felony" after "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B)–(C). Because trading and dealing are basic forms of trafficking, the BIA permissibly relied on *Davis* to conclude that "illicit trafficking in firearms" means "any unlawful trading or dealing" in firearms. *See Davis*, 20 I. & N. Dec. at 541.

With the generic definition of "illicit trafficking" in place, we turn back to Chacon's statute of conviction, 18 U.S.C. § 922(a)(1)(A), to see if it is a categorical match. Again, § 922(a)(1)(A) makes it unlawful for any person "except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the *business of* importing, manufacturing, or dealing in firearms, or in the course *of such business* to ship, transport, or receive any firearm in interstate or foreign commerce" (emphasis added). The statute contains an extensive definition of what "engaged in the business" means. It requires that someone must "devote[] time, attention, and labor" to manufacturing, dealing, or importing firearms "as a regular course of trade or business with the principal objective of livelihood and profit" "through the sale or distribution of the firearms" or "the repetitive purchase and resale of firearms." *Id.* § 921(a)(21)(A), (C)–(E). The phrase "with the principal objective of livelihood and profit" is in turn defined to mean "that the intent underlying the sale or disposition of firearms

is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection." *Id.* § 921(a)(22).

Given these statutory definitions, the BIA properly concluded that a conviction under 18 U.S.C. § 922(a)(1)(A) qualifies as a conviction for "illicit trafficking in firearms" under 8 U.S.C. § 1101(a)(43)(C). Someone engaged in the business of manufacturing, dealing, or importing firearms without a license, or who ships, transports, or receives any firearm in the course of such unlawful business, is necessarily engaged in the unlawful trading or dealing in firearms. That is, they are engaged in "illicit trafficking in firearms." Whether or not some lesser conduct would also satisfy the INA's generic definition of "illicit trafficking," we are confident that a conviction under § 922(a)(1)(A) does not "criminalize[] more conduct than the federal generic offense." *Rodriguez-Castellon*, 733 F.3d at 853.

Two other circuits have reached the same conclusion for similar criminal statutes. In *Kuhali v. Reno*, 266 F.3d 93, 110 (2d Cir. 2001), the Second Circuit held that a federal conviction for conspiracy to export firearms and ammunition without a license, 18 U.S.C. § 371; 22 U.S.C. § 2778, qualified as a firearms "trafficking" offense under 8 U.S.C. § 1101(a)(43)(C). The BIA in *Kuhali* had applied its definition of "trafficking" from *Davis*, and the Second Circuit held that this was a permissible interpretation. *See* 266 F.3d at 107, 110 ("[W]e hold that a conviction for the unlicensed export of firearms necessarily exhibits a business or merchant nature, as required to constitute a firearms 'trafficking' offense under the Board's reading of [8 U.S.C. § 1101(a)(43)(C)].").

Similarly, in *Soto-Hernandez v. Holder*, 729 F.3d 1 (1st Cir. 2013), the First Circuit held that a conviction for

unlawfully delivering a firearm under Rhode Island law qualified as "illicit trafficking" under 8 U.S.C. § 1101(a)(43)(C). As in *Kuhali*, the court upheld the BIA's construction of "trafficking" in *Davis*: that "trafficking in firearms" means "any activity involving the commercial exchange of a firearm." *Soto-Hernandez*, 729 F.3d at 3–4. The First Circuit thus held "that the BIA's definition of 'trafficking in firearms' in 8 U.S.C. § 1101(a)(43)(C) as encompassing any commercial exchange, in accordance with both dictionary definitions and the BIA's own precedent in a neighboring provision of the INA, is reasonable and consistent with the statute." *Id.* at 5 (quotations omitted).

\* \* \*

We hold that a conviction under 18 U.S.C. § 922(a)(1)(A) qualifies as an "aggravated felony" under the INA because it categorically fits within the generic definition of "illicit trafficking in firearms," 8 U.S.C. § 1101(a)(43)(C), as the BIA permissibly construed that phrase. Chacon is therefore ineligible for asylum. *Id.* § 1158(b)(2)(A)(ii), (B)(i). For these reasons and those set forth in our accompanying memorandum disposition, the petition for review is

**DENIED.**