**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO CORDERO-GARCIA, AKA Fernando Cordero,<br><br>*Petitioner*,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>*Respondent*. | No.19-72779<br><br>Agency No. A014-690-577<br><br>OPINION |

On Remand from the United States Supreme Court

Argued and Submitted May 6, 2024
San Diego, California

Filed June 27, 2024

Before: Andrew D. Hurwitz and Lawrence VanDyke, Circuit Judges, and Barry Ted Moskowitz,[*] District Judge.

Opinion by Judge Hurwitz

---

[*] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

# SUMMARY[**]

## Immigration

On remand from the United States Supreme Court, *Pugin v. Garland*, 599 U.S. 600 (2023), the panel denied a petition for review by Fernando Cordero-Garcia and held that a conviction under Cal. Penal Code § 136.1(b)(1) qualifies as an aggravated felony—an offense "relating to obstruction of justice" for which the term of imprisonment is at least one year under 8 U.S.C. § 1101(a)(43)(S).

An immigration judge found that Cordero-Garcia's convictions of two counts of violating § 136.1(b)(1) were for a crime relating to obstruction of justice, and the Board of Immigration Appeals ("BIA") dismissed Cordero-Garcia's appeal. This court remanded Cordero-Garcia's first petition for review due to intervening law regarding the definition of "obstruction of justice." The BIA again held that § 136.1(b)(1) constituted obstruction of justice. This court granted the petition for review in light of *Valenzuela Gallardo v. Barr*, 968 F.3d 1053, 1067 (9th Cir. 2020), which held that obstruction of justice requires a nexus to an ongoing or pending proceeding. The government then petitioned for certiorari. Resolving a Circuit split, the Supreme Court held that obstruction of justice under § 1101(a)(43)(S) includes "threatening a witness to prevent the witness from reporting a crime to the police" and does not require a pending investigation or proceeding. *Pugin v. Garland*, 599 U.S. 600 (2023) (consolidating Cordero-

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Garcia's appeal with that of Jean Francois Pugin). The Supreme Court reversed this Court's opinion and remanded for reconsideration.

On remand, the panel held that § 136.1(b)(1) qualifies as an aggravated felony, rejecting Cordero-Garcia's argument that the mens rea required for conviction differs materially from that required under § 1101(a)(43)(S).

## COUNSEL

Jason F. Choy (argued), Blue Peak Law Group LLP, Santa Monica, California; Michael K. Mehr, Mehr & Soto LLP, Santa Cruz, California; for Petitioner.

Rebecca H. Phillips (argued), Senior Trial Attorney, Office of Immigration Litigation, Civil Division; Bryan S. Beier, Senior Litigation Counsel, Office of Immigration Litigation; John S. Hogan, Assistant Director, Office of Immigration Litigation; Brian M. Boynton, Acting Assistant Attorney General, Civil Division; United States Department of Justice, Washington, D.C.; for Respondent.

# OPINION

HURWITZ, Circuit Judge:

Noncitizens convicted of offenses "relating to obstruction of justice . . . for which the term of imprisonment is at least one year" are removable. *See* 8 U.S.C. § 1101(a)(43)(S). This case requires us to determine whether a conviction under California Penal Code ("CPC") § 136.1(b)(1) is such a crime. We conclude that it is.

## I.

This case has a long procedural history. It begins in April 2009, when Fernando Cordero-Garcia, a lawful permanent resident, was convicted of two counts of violating CPC § 136.1(b)(1)[1] and sentenced to concurrent terms of two years of imprisonment on each count. He was later charged by the Department of Homeland Security as removable under 8 U.S.C. § 1101(a)(43)(S). An immigration judge ("IJ") found that Cordero-Garcia's convictions were for a crime relating to obstruction of

---

[1] CPC § 136.1(b)(1) provides that

> [E]very person who attempts to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from doing any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison:

> (1) Making any report of that victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge.

justice. The Board of Immigration Appeals ("BIA") dismissed Cordero-Garcia's appeal.

Cordero-Garcia petitioned us for review. *Cordero-Garcia v. Sessions*, No. 12-74130, Dkt. 1 (9th Cir. Dec. 18, 2012). While that petition was pending, we held that the BIA's operative definition of obstruction of justice—"the affirmative and intentional attempt, with specific intent, to interfere with the process of justice"—raised "grave constitutional doubts" because "the BIA has not given an indication of what it does include in 'the process of justice,' or where that process begins and ends." *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 811, 813–819 (9th Cir. 2016).

Granting an unopposed motion from the government, we then remanded Cordero-Garcia's case to the BIA for further consideration in light of *Valenzuela Gallardo*. *See Cordero-Garcia v. Sessions*, No. 12-74130, Dkt. 57 (9th Cir. July 10, 2017). The BIA subsequently redefined obstruction of justice as "(1) an affirmative and intentional attempt (2) that is motivated by a specific intent (3) to interfere with an investigation or proceeding that is ongoing, pending, *or* reasonably foreseeable by the defendant." *Matter of Valenzuela Gallardo*, 27 I. & N. Dec. 449, 456 (BIA 2018) (cleaned up). Applying this definition in Cordero-Garcia's case, the BIA again held that a conviction under CPC § 136.1(b)(1) constituted § 1101(a)(43)(S) obstruction of justice. *Matter of Cordero-Garcia*, 27 I. & N. Dec. 652, 663 (BIA 2019).

Cordero-Garcia again petitioned for review. While that petition was pending, we held that § 1101(a)(43)(S) obstruction of justice "requires a nexus to an ongoing or pending proceeding." *Valenzuela Gallardo v. Barr*, 968

F.3d 1053, 1067 (9th Cir. 2020). Applying that holding in Cordero-Garcia's case, we held that a violation of CPC § 136.1(b)(1) was not an offense related to obstruction of justice because the state statute of conviction did not require a "nexus to an ongoing or pending proceeding or investigation." *Cordero-Garcia v. Garland*, 44 F.4th 1181, 1185 (9th Cir. 2022).

The government then successfully petitioned for certiorari. *See Garland v. Cordero-Garcia*, 143 S. Ct. 644 (2023). Resolving a Circuit split, the Supreme Court held that § 1101(a)(43)(S) obstruction of justice includes "threatening a witness to prevent the witness from reporting a crime to the police" and "does not require that an investigation or proceeding be pending." *Pugin v. Garland*, 599 U.S. 600, 602, 610 (2023).[2] The Court reversed our opinion and remanded for reconsideration. *Id.* at 610–11.

## II.

## A.

Determining whether a conviction under CPC § 136.1(b)(1) is a "an offense relating to obstruction of justice" under 8 U.S.C. § 1101(a)(43)(S) requires that we once again plumb the murky waters of the "categorical approach." *See Cordero-Garcia*, 44 F.4th at 1187. We must first identify the elements of the generic federal offense. *See Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1081 (9th Cir. 2008). We next identify the elements of the crime of conviction. *See id.* Then, "we compare the statute of conviction to the generic federal offense to determine

---

[2] The Court consolidated Cordero-Garcia's case with *Pugin v. Garland*, 19 F.4th 437 (4th Cir. 2021), *cert. granted*, 143 S. Ct. 645 (2023). *See Garland v. Cordero-Garcia*, 143 S. Ct. 644 (2023).

whether the specific crime of conviction meets the definition of an aggravated felony." *Ho Sang Yim v. Barr*, 972 F.3d 1069, 1077 (9th Cir. 2020) (cleaned up).

"[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). "It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* This "realistic probability" may be shown in two ways: "if a state statute expressly defines a crime more broadly than the generic offense," or "if the petitioner can point to at least one case in which the state courts applied the statute in a situation that does not fit under the generic definition." *Lopez-Aguilar v. Barr*, 948 F.3d 1143, 1147 (9th Cir. 2020) (cleaned up).

## B.

After *Pugin*, Cordero-Garcia no longer claims that the actus reus prohibited by CPC § 136.1(b)(1)—"conduct geared toward impeding a person from reporting a crime," *People v. Navarro*, 212 Cal. App. 4th 1336, 1350 (2013)— is not a categorical match for conduct covered by 8 U.S.C. § 1101(a)(43)(S).[3]  Rather, he only contends that the mens

---

[3] Cordero-Garcia does not argue that the state statute's prohibition of "dissuad[ing]" a witness or victim from reporting a crime renders it broader than § 1101(a)(43)(S). In any event, such an argument would be unavailing.  One who intends to "dissuade" a witness or victim from reporting a crime necessarily intends to "prevent" that report.  And, because the "relating to" language in § 1101(a)(43)(S) "indicates that Congress intended to cover a range of activities beyond just the generic

rea required for conviction under the California statute differs materially from that required under § 1101(a)(43)(S). We address this question of statutory construction de novo. *Lopez-Aguilar*, 948 F.3d at 1146.

The parties agree that § 1101(a)(43)(S) describes a specific intent crime. *See Valenzuela Gallardo*, 27 I. & N. Dec. at 456 (defining the offenses in § 1101(a)(43)(S) as requiring specific intent). Because *Pugin* confirms that "threatening a witness to prevent the witness from reporting a crime to the police" can constitute § 1101(a)(43)(S) obstruction, 599 U.S. at 602, there can be no dispute that the specific intent covered by § 1101(a)(43)(S) includes the intent to prevent the report.

The parties also agree that CPC § 136.1(b)(1) is a specific intent offense. The California case law makes the scope of that intent clear, stating that the statute requires a showing of the "inten[t] to prevent a crime from even being reported by a victim or witness," *People v. Brackins*, 37 Cal. App. 5th 56, 67 (2019), or the "inten[t] to induce a witness or victim to withhold evidence of a crime from law enforcement officials," *Navarro*, 212 Cal. App. 4th at 1352.

There thus appears to be no facial distinction between the mens rea required under CPC § 136.1(b)(1) and 8 U.S.C. § 1101(a)(43)(S). Any defendant who specifically intends "that his acts would prevent or dissuade the victim or witness from making the report," *People v. Cook*, 59 Cal. App. 5th 586, 590 (2021), plainly has the specific intent to "prevent

---

offense" of obstruction of justice, *Ho Sang Yim*, 972 F.3d at 1078 (cleaned up), a defendant who dissuades a witness or victim of a crime from reporting it has clearly committed an offense relating to obstruction of justice.

the witness from reporting a crime." *See Pugin*, 599 U.S. at 602.

But Cordero-Garcia nonetheless argues that CPC § 136.1(b)(1) can be violated without the intent required under the federal law. His argument rests on subsections of CPC § 136.1 that he was not convicted of violating: § 136.1(a), which criminalizes "maliciously" dissuading or preventing a witness from attending a court proceeding or giving testimony, and § 136.1(c), which provides that certain violations of subsections (a) and (b) are aggravated offenses when committed "maliciously." "Malice," as used in these subsections, is defined as "an intent to vex, annoy, harm, or injure in any way another person, or to thwart or interfere in any manner with the orderly administration of justice." CPC § 136(1).

Cordero-Garcia argues that because a conviction under CPC § 136.1(b)(1) does not require proof of "malice," *see Cook*, 59 Cal. App. 5th at 687, the mens rea required for conviction under that subsection is not as narrow as that required under the federal statute. He posits that a defendant might violate § 136.1(b)(1) if he merely intends to prevent a report of a crime but has no specific intent to interfere with the ultimate disposition of a matter. For example, Cordero-Garcia suggests a defendant might merely intend to protect a witness or victim from prejudicial publicity or retaliation by the perpetrator, not to interfere with the process of justice.

We reject that argument. As an initial matter, CPC §§ 136.1(a) and (c) are not at issue in this case. We therefore need not parse the difference between the mens rea required to violate those subsections and that required to violate

subsection (b)(1).[4]  Rather, we need only determine whether the mens rea required for conviction under CPC § 136.1(b)(1) is broader than that required to establish a violation of § 1101(a)(43)(S).  California case law, which confirms that the state statute requires a specific intent to "to induce a witness or victim to withhold evidence of a crime from law enforcement officials," *see Navarro*, 212 Cal. App. 4th at 1352, squarely answers that question.

Moreover, Cordero-Garcia has identified no California case holding that a defendant who specifically intends to prevent a witness or victim from reporting a crime to the police does not violate § 136.1(b)(1) simply because he does not otherwise intend to interfere in the administration of justice.  Absent identification of "cases in which the state courts in fact did apply the statute in the special (nongeneric) manner" asserted, we are not free to imagine such circumstances.  *Duenas-Alvarez*, 549 U.S. at 193.

In any event, we reject Cordero-Garcia's assumption that a defendant with the motivation he describes would not have committed a crime covered by § 1101(a)(43)(S).  The "relating to" language in § 1101(a)(43)(S) "indicates that Congress intended to cover a range of activities beyond just the generic offense" of obstruction of justice.  *Ho Sang Yim*, 972 F.3d at 1078 (cleaned up); *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of these words is a broad one—'to stand in some relation; to have bearing or concern; to pertain;

---

[4] *See People v. Lopez*, No. F083388, 2023 WL 2963166, at *14 (Cal. Ct. App. Apr. 17, 2023) (stating that the specific intent required to violate CPC § 136.1(b)(1), an intent to prevent or dissuade the report of a crime, does not necessarily equate to the "malice" required to violate § 136.1(c)(1)).

refer; to bring into association with or connection with[.]'"
(citing Black's Law Dictionary 1158 (5th ed. 1979))). A
defendant who specifically intends to engage in the actus
reus prohibited by CPC § 136.1(b)(1)—"any conduct geared
toward impeding a person from reporting a crime," *Navarro*,
212 Cal. App. 4th at 1350—has exactly the specific intent
"to prevent the witness from reporting a crime to the police"
that § 1101(a)(43)(S) includes, regardless of whether his
ultimate goal is to entirely thwart investigation of the crime,
*Pugin*, 599 U.S. at 602. Because both the California statute
and the offenses encompassed in § 1101(a)(43)(S)
criminalize the same conduct—preventing or attempting to
prevent a witness from reporting a crime to the police—
anyone who specifically intends to prevent the report
necessarily commits an offense relating to obstruction of
justice.[5]

### III.

We **deny** the petition for review.

---

[5] We reject Cordero-Garcia's retroactivity argument. Our holding is
based on *Pugin*, which in turn relied on the plain language of
§ 1101(a)(43)(S), and thus raises no retroactivity concerns as applied to
our direct review of the BIA decision. *See Harper v. Virginia Dep't of
Tax'n*, 509 U.S. 86, 97 (1993).