**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMERSON LEVI GODOY-AGUILAR, | No. 19-70960 |
| *Petitioner*, | Agency No. A060-914-616 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2024
Pasadena, California

Filed January 13, 2025

Before: Carlos T. Bea, Kenneth K. Lee, and Lucy H. Koh,
Circuit Judges.

Opinion by Judge Bea

# SUMMARY[*]

## Immigration

Denying Emerson Levi Godoy-Aguilar's petition for review of a decision of the Board of Immigration Appeals, the panel concluded that California Penal Code ("CPC") § 136.1(c)(1) is a categorical match for the generic federal offense of an aggravated felony relating to obstruction of justice.

Based on a conviction under CPC § 136.1(c)(1) (dissuading a witness by force or threat), Petitioner was ordered removed for having committed an aggravated felony under 8 U.S.C. § 1101(a)(43)(S) (defining "aggravated felony" to include "an offense relating to obstruction of justice . . . for which the term of imprisonment is at least one year").

The generic federal offense of obstruction of justice is a specific intent offense involving conduct geared toward the obstruction of justice and that no pending investigation or proceeding is required. CPC § 136.1(c)(1) makes it a felony to commit certain enumerated crimes "knowingly and maliciously" where "the act is accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person or the property of any victim, witness, or any third person." The five enumerated crimes are set out at CPC §§ 136.1(a)(1)-(2) and (b)(1)-(3).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Analyzing the five underlying statutes under the categorical approach, the panel concluded that none sweep more broadly than the generic federal offense. The elements of each of the underlying crimes are overlaid with CPC § 136.1(c)(1)'s additional requirements of having committed the underlying crime "knowingly and maliciously" with "an express or implied threat of force or violence." Therefore, the panel concluded that Petitioner's conviction under CPC § 136.1(c)(1) and sentence to 365 days in jail constitutes an aggravated felony relating to obstruction of justice.

## COUNSEL

David A. Lluis (argued) and Ramiro J. Lluis, Lluis Law, Los Angeles, California, for Petitioner.

Craig A. Newell Jr. (argued), Trial Attorney; Lindsay B. Glauner, Senior Litigation Counsel, Criminal Immigration Team; Jennifer J. Keeney, Assistant Director; Office of Immigration Litigation; Joseph H. Hunt, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

BEA, Circuit Judge:

This case requires us to determine whether California Penal Code ("CPC") § 136.1(c)(1) is a categorical match for the generic federal offense of an aggravated felony relating to obstruction of justice under 8 U.S.C. § 1101(a)(43)(S). We conclude that it is.

I.

Petitioner Emerson Levi Godoy-Aguilar is a native and citizen of El Salvador. Petitioner entered the United States in 2009 as a permanent resident. In 2015, the State of California filed a Felony Complaint and, subsequently, an Information against Petitioner. Petitioner pleaded *nolo contendere* to a violation of CPC § 136.1(c)(1) (dissuading a witness by force or threat). Petitioner was convicted and sentenced to 365 days in Los Angeles County Jail.

After Petitioner's conviction, the U.S. Department of Homeland Security served Petitioner with a Notice to Appear ("NTA") charging Petitioner with removability under "Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act" for having committed "an aggravated felony as defined in section 101(a)(43)(S) of the Act, a law relating to obstruction of justice, perjury, or subordination of perjury, or bribery of a witness."

An Immigration Judge ("IJ") concluded that Petitioner's conviction under CPC § 136.1(c)(1), for which he was sentenced to 365 days in jail, constituted the aggravated felony of obstruction of justice. The IJ issued a removal order. Petitioner appealed the IJ's removability determination to the Board of Immigration Appeals ("BIA"),

and the BIA dismissed the appeal, concluding that under the categorical approach, "[t]he conduct proscribed by the elements of the respondent's State offense categorically falls within" "the Federal generic definition of an offense relating to obstruction of justice." Petitioner petitioned this Court for review of the BIA's decision.

## II.

This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a). While 8 U.S.C. § 1252(a)(2)(C) strips courts of jurisdiction for reviewing final orders of removal against aliens who are removable for having committed an aggravated felony, this Court retains jurisdiction to consider "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). Thus, where, as here, a petitioner seeks review on the legal question of whether a state criminal conviction qualifies as an aggravated felony, this Court may hear that claim. *See Flores-Vega v. Barr*, 932 F.3d 878, 882 (9th Cir. 2019). This "question of statutory construction" is reviewed de novo. *Cordero-Garcia v. Garland*, 105 F.4th 1168, 1171 (9th Cir. 2024).

8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1101(a)(43)(S) defines an "aggravated felony" as including "an offense relating to obstruction of justice . . . for which the term of imprisonment is at least one year." We apply the categorical approach to determine whether a state conviction qualifies as an aggravated felony. *Cordero-Garcia*, 105 F.4th at 1170.

The categorical approach examines whether the particular state criminal statute under which an offender has been convicted is a "match" for the "generic federal offense." *Id*. at 1171. To determine whether a state statute

is a match for the generic federal offense, "courts look to the elements of the statute of conviction." *Pugin v. Garland*, 599 U.S. 600, 603-04 (2023) (internal quotation marks and citation omitted). Where a state statute "sweeps more broadly" than the generic federal offense—i.e., where it criminalizes conduct that is *outside* the generic federal offense—it is generally not a match under the categorical approach. *Descamps v. United States*, 570 U.S. 254, 261 (2013). "The key . . . is elements, not facts." *Id*.

## III.

Here, we must determine whether a conviction under California Penal Code § 136.1(c)(1) constitutes an aggravated felony relating to obstruction of justice under the categorical approach. We conclude that it does.

The generic federal offense of obstruction of justice is a specific intent offense involving conduct geared toward the obstruction of justice. *See Cordero-Garcia*, 105 F.4th at 1171. No pending investigation or proceeding is required. *Pugin*, 599 U.S. at 607.

CPC § 136.1(c)(1) provides that every person who commits certain enumerated crimes "knowingly and maliciously" "[w]here the act is accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person or the property of any victim, witness, or any third person" "is guilty of a felony." The state crimes that can serve as a basis for a charge under CPC § 136.1(c)(1) are listed at CPC § 136.1(a) and (b). Thus, one can be convicted under CPC § 136.1(c)(1) through five different avenues: committing conduct proscribed by CPC § 136.1(a)(1), (a)(2), (b)(1), (b)(2), or (b)(3), when said crime is committed knowingly or maliciously and is accompanied by force or by an express or implied threat of

force or violence.[1]  We must therefore analyze each of the five underlying statutes to ensure that none sweep more broadly than the generic federal offense.

CPC § 136.1(a)(1) makes it an offense to "[k]nowingly and maliciously prevent[] or dissuade[] any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law."  In *Pugin*, the Supreme Court listed as an example of the conduct covered by obstruction of justice, "influencing . . . or impeding a witness [or] potential witness."  599 U.S. at 604 (quoting Merriam-Webster's Dictionary of Law 337 (1996)).  Preventing or dissuading a witness or victim from attending or giving testimony at a legal proceeding is a clear example of "influencing" or "impeding" a witness or potential witness.  Thus, the conduct covered by CPC § 136.1(a)(1) does not sweep more broadly than does the generic federal offense of an aggravated felony relating to obstruction of justice.  Additionally, CPC § 136.1(a)(1)'s *mens rea* element ("knowingly and maliciously") meets the specific intent requirement of the generic federal offense.  *See Cordero-Garcia*, 105 F.4th at 1171 (describing obstruction of justice as a specific intent crime).  In *Cordero-Garcia*, this Court held that CPC § 136.1(b)(1) is "plainly" a specific intent offense, 105 F.4th at 1171, and it suggested that CPC § 136.1(a)(1) and (2) have a *higher* criminal intent (*mens rea*) threshold than does CPC § 136.1(b)(1).  *See* 105 F.4th at 1172.  CPC § 136.1(a)(1) does not sweep more broadly than does the federal statute and is therefore a categorical

---

[1] Because the record here does not reveal which underlying California Penal Code violation served as the basis of Petitioner's conviction under CPC § 136.1(c)(1), the modified categorical approach is unavailable, and we must analyze all possible routes to conviction.  *See Descamps*, 570 U.S. at 261-62.

match for the federal offense of an aggravated felony relating to obstruction of justice.

CPC § 136.1(a)(2) makes it an offense to "[k]nowingly and maliciously attempt[] to prevent or dissuade any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law." CPC § 136.1(a)(2) is identical to CPC § 136.1(a)(1), except CPC § 136.1(a)(1) covers acts and § 136.1(a)(2) covers attempts. The generic federal obstruction-of-justice offense also covers attempts. *See, e.g.*, 18 U.S.C. § 1512(d)(1) (prohibiting "attempts to" "intentionally harass[] another person and thereby hinder[], delay[], prevent[], or dissuade[] any person from attending or testifying in an official proceeding,"); *see also Cordero-Garcia*, 105 F.4th at 1173 (describing 8 U.S.C. § 1101(a)(43)(S) as criminalizing "preventing or attempting to prevent a witness from reporting a crime to the police"). Thus, for the same reasons that CPC § 136.1(a)(1) is a categorical match for the generic federal offense, the conduct prohibited by CPC § 136.1(a)(2) does not sweep more broadly than the federal generic statute of an aggravated felony relating to obstruction of justice. Similarly, CPC § 136.1(a)(2)'s *mens rea* element (requiring conduct be committed "knowingly and maliciously") meets the specific intent requirement. Therefore, CPC § 136.1(a)(2) is a categorical match for an aggravated felony relating to obstruction of justice.

CPC § 136.1(b)(1) makes it an offense to "attempt[] to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from" "[m]aking any report of that victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge." This Court has already held that CPC § 136.1(b)(1) is a

categorical match for the generic federal offense of an aggravated felony relating to obstruction of justice. *Cordero-Garcia*, 105 F.4th at 1173.

CPC § 136.1(b)(2) makes it an offense to "attempt[] to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from" "[c]ausing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof." Here, the prohibited action (to attempt or to prevent or dissuade a victim or witness) is the same as the prohibited action in CPC § 136.1(b)(1). The only difference is what the offender would be attempting, preventing, or dissuading another person from doing—here, "causing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof." CPC § 136.1(b)(2). Complaints, Indictments, Informations, probation violations, and parole violations are clearly legal proceedings. Given that both CPC §§ 136.1(b)(1) and (b)(2) prohibit the same action, and that CPC § 136.1(b)(2) is aimed at core investigations or legal proceedings, the conduct prohibited by CPC § 136.1(b)(2) does not sweep more broadly than the generic federal offense of an aggravated felony relating to obstruction of justice. Additionally, CPC § 136.1(b)(2)'s *mens rea* requirement, which is the same as that of CPC § 136.1(b)(1), does not sweep more broadly than the generic federal offense.

CPC § 136.1(b)(3) makes it an offense to "attempt[] or to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from" "[a]rresting or causing or seeking the arrest of any person in connection with that victimization." Here, the action (to attempt or to prevent or to dissuade a victim or witness) is

the same as in CPC § 136.1(b)(1) and (2). Again, the only difference is what the offender would be attempting, preventing, dissuading another person from doing—here, "[a]rresting or causing or seeking [an] arrest." CPC § 136.1(b)(3). The conduct covered by CPC § 136.1(b)(3) therefore does not sweep more broadly than does the generic federal offense of an aggravated felony relating to obstruction of justice. And again, CPC § 136.1(b)(3)'s *mens rea* requirement, which is the same as that of CPC § 136.1(b)(1), does not sweep more broadly than the generic federal offense.

For the above reasons, the conduct prohibited by CPC § 136.1(a)(1)-(2) and (b)(1)-(3), which makes up the avenues for conviction under CPC § 136.1(c)(1), does not sweep more broadly than does the generic federal offense of an aggravated felony relating to obstruction of justice. Moreover, the elements of each of the underlying crimes in CPC § 136.1(a)(1)-(2) and (b)(1)-(3) are overlaid with CPC § 136.1(c)(1)'s additional requirements of having committed the underlying crime "knowingly and maliciously" with "an express or implied threat of force or violence." CPC § 136.1(c)(1) does not sweep more broadly than the generic federal offense of an aggravated felony relating to obstruction of justice under 8 U.S.C. § 1101(a)(43)(S). Therefore, Petitioner's conviction under CPC § 136.1(c)(1) and sentence to 365 days in jail constitutes an aggravated felony relating to obstruction of justice.

## IV.

We **deny** the petition for review.