# Matter of Agustin VALENZUELA GALLARDO, Respondent

*Decided April 2, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) "[A]n offense relating to obstruction of justice" under section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (2024), is a specific intent offense involving an affirmative and intentional attempt to interfere with the process of justice and law. *Matter of Valenzuela Gallardo*, 25 I&N Dec. 838 (BIA 2012), reaffirmed.

(2) A conviction for accessory to a felony under section 32 of the California Penal Code that results in a term of imprisonment of at least 1 year categorically qualifies as "an offense relating to obstruction of justice" under section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S).

FOR THE RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jessica E. Long, Assistant Chief Counsel

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; MULLANE and VOLKERT, Appellate Immigration Judges.

MALPHRUS, Chief Appellate Immigration Judge:

This case is before the Board pursuant to the United States Court of Appeals for the Ninth Circuit's remand in *Valenzuela Gallardo v. Barr*, 968 F.3d 1053 (9th Cir. 2020).  The Ninth Circuit granted the respondent's petition for review and vacated the Board's September 11, 2018, published decision clarifying an earlier determination that the respondent has been convicted of an aggravated felony "relating to obstruction of justice" under section 101(a)(43)(S) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(S) (2012).  The Department of Homeland Security ("DHS") has submitted a brief in response to the Ninth Circuit's decision. The respondent's appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

This case has an extensive procedural history.  The respondent is a native and citizen of Mexico and lawful permanent resident of the United States.  In 2007, he was convicted of accessory to a felony in violation of section 32 of the California Penal Code and was sentenced to 16 months in prison.  DHS

placed him in removal proceedings and charged him with removability as an aggravated felon under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012).  The respondent challenged his removability and in 2012, we concluded in a published decision that the respondent's conviction constitutes an aggravated felony because a crime "relat[es] to obstruction of justice" within the meaning of section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S), if it includes the critical "element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice," irrespective of the existence of an ongoing criminal investigation or proceeding.  *Matter of Valenzuela Gallardo*, 25 I&N Dec. 838, 841–42, 844 (BIA 2012) ("*Matter of Valenzuela Gallardo I*"), *remanded by* 818 F.3d 808 (9th Cir. 2016).

In 2016, the Ninth Circuit granted the respondent's petition for review and concluded that the Board's definition of "obstruction of justice" was unconstitutionally vague because the term "the process of justice" did not have meaningful boundaries.  *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 819–22 (9th Cir. 2016).  The Ninth Circuit remanded the case for the Board to "either offer a new construction of INA § 101(a)(43)(S) or, in the alternative, apply [*Matter of Espinoza*, 22 I&N Dec. 889 (BIA 1999) (en banc)]'s interpretation to the instant case."  *Id.* at 824.

In 2018, we clarified *Matter of Valenzuela Gallardo I* and again dismissed the respondent's appeal.  *Matter of Valenzuela Gallardo*, 27 I&N Dec. 449 (BIA 2018) ("*Matter of Valenzuela Gallardo II*"), *vacated*, 968 F.3d 1053 (9th Cir. 2020), *abrogated by Pugin v. Garland*, 599 U.S. 600 (2023).  In *Matter of Valenzuela Gallardo II*, we determined that "an offense relating to obstruction of justice" under section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S), encompasses any "Federal or State offense that involves (1) an affirmative and intentional attempt (2) that is motivated by a specific intent (3) to interfere either in an investigation or proceeding that is ongoing, pending, or reasonably foreseeable by the defendant, or in another's punishment resulting from a completed proceeding."  *Id.* at 460.  We once again concluded that the respondent's conviction was for an aggravated felony relating to obstruction of justice.  *Id.* at 461.

In *Valenzuela Gallardo v. Barr*, 968 F.3d at 1062–68, the Ninth Circuit vacated our prior decision in *Matter of Valenzuela Gallardo II*, concluding that section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S) "is unambiguous in requiring an ongoing or pending criminal proceeding," and the Board erred in defining offenses relating to obstruction of justice to include interference with "reasonably foreseeable" investigations or proceedings.  This remand followed.

## II.  ANALYSIS

The sole issue before us is whether the respondent is removable as charged as an alien convicted of "an offense relating to obstruction of justice" under section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S).  We review this legal question de novo.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2026).

After the Ninth Circuit issued *Valenzuela Gallardo v. Barr*, the Supreme Court of the United States issued *Pugin v. Garland*, 599 U.S. at 607, holding that "an offense 'relating to obstruction of justice' under [section 101(a)(43)(S) of the INA, 8 U.S.C.] § 1101(a)(43)(S) does not require that an investigation or proceeding be pending."  *Pugin* thus abrogated *Valenzuela Gallardo v. Barr*.  *See Cordero-Garcia v. Garland*, 105 F.4th 1168, 1170 (9th Cir. 2024); *see also Godoy-Aguilar v. Garland*, 125 F.4th 985, 989 (9th Cir. 2025) (acknowledging that "[n]o pending investigation or proceeding is required" for an offense to qualify as one "relating to obstruction of justice").  After the Supreme Court issued *Pugin*, the Ninth Circuit confirmed that "[t]he 'relating to' language in [section 101(a)(43)(S) of the INA, 8 U.S.C.] § 1101(a)(43)(S) 'indicates that Congress intended to cover a range of activities beyond just the generic offense' of obstruction of justice."  *Cordero-Garcia*, 105 F.4th at 1172 (quoting *Ho Sang Yim v. Barr*, 972 F.3d 1069, 1078 (9th Cir. 2020)).

In view of the foregoing, we now clarify, consistent with intervening Supreme Court and Ninth Circuit precedent, that "an offense relating to obstruction of justice" under section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S), is a specific intent offense involving an affirmative and intentional attempt to interfere with the process of justice and law.[1]  *See Godoy-Aguilar*, 125 F.4th at 989 (noting that obstruction of justice is a specific intent offense and that no pending investigation or proceeding is

---

[1]  We recognize that in *Valenzuela Gallardo v. Lynch*, the Ninth Circuit held that the phrase "the process of justice" was unconstitutionally vague.  818 F.3d at 819–22.  However, based on intervening Supreme Court precedent, we conclude that the constitutionality concerns in *Valenzuela Gallardo v. Lynch* are no longer controlling and that the term "the process of justice and law" is understandable in this context.  We observe, for example, that in *Pugin*, the Supreme Court noted that at the time section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S), was enacted, "an illustrative formulation" of the term "obstruction of justice" broadly defined the offense as "the crime or act of willfully interfering *with the process of justice and law*."  599 U.S. at 604 (emphasis added) (citation omitted).  The Supreme Court further noted that the requirement that an offense relating to obstruction of justice involve "an intent to interfere with the legal process. . . ensures that [section 101(a)(43)(S) of the INA, 8 U.S.C.] § 1101(a)(43)(S) will not sweep in offenses that are not properly understood as offenses 'relating to obstruction of justice.'"  *Id.* at 607 n.2.

required).  This definition covers a broad range of offenses "'beyond just the generic offense' of obstruction of justice," *Cordero-Garcia*, 105 F.4th at 1172 (citation omitted), and includes crimes that interfere with the process of justice and law "even if the offense does not require that an investigation or proceeding be pending." *Pugin*, 599 U.S. at 604, 606–07 ("[I]ndeed, obstruction of justice is often 'most effective' when it prevents 'an investigation or proceeding from commencing in the first place.'" (citation omitted)).  The current state of the law concerning the generic Federal definition of "an offense relating to obstruction of justice" is therefore largely consistent with our holding in *Matter of Valenzuela Gallardo I*, 25 I&N Dec. at 841–42.

To determine whether the respondent's conviction under section 32 of the California Penal Code qualifies as an aggravated felony within the meaning of section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S), we apply the categorical approach and compare the elements of the respondent's conviction with the elements of a generic offense relating to obstruction of justice.  *See Pugin*, 599 U.S. at 603–04.  Section 32 of the California Penal Code provides:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

Cal. Penal Code § 32 (West 2007).  This statute explicitly requires that the perpetrator act "with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment." *Id.*; *see also People v. Partee*, 456 P.3d 437, 446 (Cal. 2020) (confirming that the intent element is distinct from the requirement that the individual provide "overt or affirmative assistance" to the principal (citation omitted)).  This intent involves a specific purpose of hindering or interfering with the process of justice and law, bringing the respondent's offense "within the general ambit of offenses that fall under the 'obstruction of justice' designation."[2] *Matter of Valenzuela Gallardo I*, 25 I&N Dec. at 841 (quoting *Matter of Espinoza*, 22 I&N Dec. at 894–95).

---

[2]　The requirement that an offense include a specific intent to interfere with the process of justice and law to qualify as an aggravated felony obstruction of justice offense prevents the inclusion of offenses not properly understood as relating to obstruction of justice. *See Pugin*, 599 U.S. at 607 n.2.  For instance, our clarified definition of an offense relating to obstruction of justice does not reach the Federal crime of misprision of a felony under 18 U.S.C. § 4 (2024), as "nothing in § 4 . . . references the specific purpose for which concealment [of the principal felon's crime] must be undertaken."

Moreover, the statute's actus reus—the requirement that one who is charged as an accessory have harbored, concealed, or aided a principal in avoiding or escaping from arrest, trial, conviction, or punishment for the underlying felony—necessarily involves interference with the process of justice and law. *See* Cal. Penal Code § 32. That is, section 32 covers only acts of overt or affirmative assistance to a principal which "tend[] somehow to impair the machinery of the . . . criminal law" in relation to the potential prosecution of the principal felon's crime. *Pugin*, 599 U.S. at 604 (citation omitted); *see also Partee*, 456 P.3d at 443 (explaining that to qualify as a violation of section 32, "an individual must provide 'overt or affirmative assistance' to the [principal] perpetrator" (citation omitted)). As the Supreme Court recognized in *Pugin*, when section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S), was enacted in 1996, the crime of obstruction of justice was understood to include "every willful act of corruption, intimidation, or force that tends somehow to impair the machinery of the civil or criminal law," or, said another way, any offense that involves "obstructing the administration of justice in any way." 599 U.S. at 604 (citations omitted).

For the reasons stated above and consistent with our holding in *Matter of Valenzuela Gallardo I*, we again conclude that a conviction for accessory to a felony under section 32 of the California Penal Code that results in a term of imprisonment of at least 1 year categorically qualifies as "an offense relating to obstruction of justice" under section 101(a)(43)(S) of the INA, 8 U.S.C. § 1101(a)(43)(S). The respondent is therefore removable as charged under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony.

**ORDER:** The respondent's appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been

---

*Matter of Valenzuela Gallardo I*, 25 I&N Dec. at 841 (quoting *Matter of Espinoza*, 22 I&N Dec. at 894); *see also Pugin*, 599 U.S. at 607 n.2 (noting that the Solicitor General had conceded that Federal misprision of a felony was not an offense relating to obstruction of justice because the crime does not require an intent to interfere with the legal process).

denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).